281 So.2d 795 (1973)
INTERNATIONAL HARVESTER CREDIT CORPORATION, Plaintiff,
v.
Robert E. McGILL, Defendant-Third Party Plaintiff-Appellant,
v.
RABALAIS TRUCK AND TRACTOR COMPANY and International Harvester Company, Third Party Defendants-Exceptors-Appellees.
No. 4248.
Court of Appeal of Louisiana, Third Circuit.
August 20, 1973.
*796 Guste, Barnett & Colomb by J. Harry Henderson, III, New Orleans, for defendant-appellant.
LaBorde & Lafargue by Edwin L. Lafargue, Marksville, for plaintiff-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
MILLER, Judge.
Third party plaintiff Robert E. McGill appeals the judgment sustaining third party defendants' (Rabalais Truck & Tractor Company's, and International Harvester Company's) exception of no cause of action to a portion of McGill's claim. The exception was overruled as to other portions of McGill's claim. We reverse and remand.
Plaintiff International Harvester Credit Corporation brought this action alleging non-payment by defendant McGill of a promissory note executed by McGill as payment for several pieces of farm machinery sold by Rabalais Truck & Tractor Company and manufactured by International Harvester Company. McGill denied the debt alleging redhibitory defects in the farm machinery and impleaded third party defendants Rabalais Truck & Tractor Company and International Harvester Company.
McGill sought judgment over against third party defendants for:
1) the amount that he might be cast in judgment on the $103,065.49 note executed by McGill for the purchase of the farm tractors and implements,
2) $35,000 allegedly spent for repairs to the tractors and implements, and
3) $248,000 in damages resulting from McGill's failure to make a crop due to the allegedly defective equipment.
Third party defendants filed the peremptory exceptions of no cause of action and no right of action to all of McGill's claims. The trial court sustained the exception of no cause of action as to the $248,000 claim for loss of the crop, but overruled the exceptions as to the other two demands.
If McGill's claim against third party defendants was for multiple different, separate and distinct causes of action, then we would consider the merits of the trial court's ruling. But we do not reach the merits because McGill has alleged a single cause of action and has made three separate demands based on this one cause of action. The applicable rule is that exceptions of no cause of action are to be overruled if any part of the petition can stand against the exception. Bailey v. Texas Pacific Coal and Oil Company, 134 So.2d 339 at 340 (La.App. 3 Cir. 1961). See also Lindsay v. Treadway, 138 So.2d 241 (La.App. 4 Cir. 1962); City of Natchitoches v. State, 221 So.2d 534 at 547 (La.App. 3 Cir. *797 1969); Tannehill v. Tannehill, 226 So.2d 185 at 189 (La.App. 3 Cir. 1969).
The distinction is succinctly stated by Henry George McMahon:
The distinction between the cumulation of two or more separate actions in the same suit and plural prayers for relief based on the same cause of action is procedurally important. An exception lies to dismiss one of two or more separate causes where the petition discloses no right or cause of action with respect thereto; but the exception does not lie if a single cause of action is asserted and the petition discloses a right to any of the plural relief demanded. 23 La.L.R. 378 at 385-86.
The judgment sustaining third party defendants' exception of no cause of action to third party plaintiff's claim for the loss of his crop is reversed. The exception is overruled. The case is remanded for trial on the merits. Costs of this appeal are assessed to third party defendants.
Reversed and remanded.