386 So.2d 961 (1980)
EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Plaintiff-Appellant,
v.
RED SIMPSON, INC., Defendant-Appellee.
No. 7593.
Court of Appeal of Louisiana, Third Circuit.
May 21, 1980.
*962 Favret, Favret, Demarest & Russo, Clarence F. Favret, Jr., New Orleans, for plaintiff-appellant.
Gold, Little, Simon, Weems & Bruser, Linda Ashe and F. A. Little, Jr., Alexandria, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
GUIDRY, Judge.
Plaintiff, Employers Mutual Liability Insurance Company of Wisconsin, brought this suit against defendant, Red Simpson, Inc., to collect for premiums which allegedly are due on policies of insurance. The petition was styled as a suit on open account and included a demand for attorney's fees as provided in LSA-R.S. 9:2781. The trial court sustained the defendant's exception of "No Right or Cause of Action" as to the claim for attorney's fees and dismissed that portion of the plaintiff's claim. From this judgment plaintiff has appealed. We reverse.
It should be noted at the outset that, properly speaking, there is no exception of "No Right or Cause of Action". These are two separate and distinct exceptions which are frequently filed together because of confusion about their respective purposes.
The exception of "No Right of Action" calls into question whether the plaintiff has standing or interest under the law to bring suit. Broday v. Broaday, 360 So.2d 645 (La.App. 3rd Cir. 1978).
The exception of "No Cause of Action" is used to test the legal sufficiency of the petition. The issue on trial of an exception of no cause of action is whether the face of the petition presents a case which legally entitles the petitioner to the redress sought. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975).
It is clear that in the present case the exceptor does not question the plaintiff's interest in the lawsuit, rather the exceptor questions whether the plaintiff is legally entitled to the redress sought, namely attorney's fees. As such, it is the exception of "No Cause of Action" which is urged.
Appellant argues on appeal that the trial court erred in granting the defendant's motion because, in effect, the exception was a partial no cause of action which is not provided for in our law. We agree. In Walker v. Western-Southern Life Ins. Co., 361 So.2d 892 (La.App. 2nd Cir. 1978), writ refused, the court said:
"Our Code of Civil Procedure does not provide for an exception of partial no cause of action. The effect of sustaining a peremptory exception is that the action shall be dismissed, not that part of the action be dismissed. La.C.C.P. Art. 934.... Defendant's use of the exception of no cause of action to strike an element of claimed damages represents *963 an improper use of the procedural vehicle and illustrates the problem of piecemeal litigation which can result from the misuse of provisions intended to streamline our civil procedure."
According to our procedural law an exception of no cause of action should be overruled if any part of the petition can stand against the exception. International Harvester Credit Corp. v. McGill, 281 So.2d 795 (La.App. 3rd Cir. 1973) and cases cited therein.
The exception to this rule, which the defendant argues is applicable, is that when two separate and distinct causes of action are set forth in one petition, an exception may be valid and sustained as to one cause of action, but overruled as to the other. City of Natchitoches v. State, 221 So.2d 534 (La.App. 3rd Cir. 1969).
The distinction between the rule and its exception was well stated by Professor McMahon in 23 La.L.R. 378 at 385-386, and approvingly cited in International Harvester Credit Corp. v. McGill, supra:
"The distinction between the cumulation of two or more separate actions in the same suit and plural prayers for relief based on the same cause of action is procedurally important. An exception lies to dismiss one of two or more separate causes where the petition discloses no right or cause of action with respect thereto; but the exception does not lie if a single cause of action is asserted and the petition discloses a right to any of the plural relief demanded."
It is clearly apparent that this is a situation which does not fit the rule's exception. The plaintiff's claim is not based on two separate causes of action. There is only one cause of action stated; the claim for proceeds due for insurance premiums with an accessory claim for attorney's fees. This is a plural prayer for relief based on the same cause of action. This is apparent because the plaintiff could not bring a separate suit for attorney's fees. Such a demand for statutory attorney's fees must include a demand for recovery on the past due open account. It could not stand alone, therefore, it is accessory and part of the one cause of action.
Due to our decision we express no opinion on the merits of this issue, i. e., whether the arrangement between the parties is contractual or based on an open account.
For the above and foregoing reasons, the judgment of the trial court sustaining the defendant-appellee's exception of "No Right or Cause of Action" is reversed and such exception is now overruled. This matter is remanded to the trial court for further proceedings consistent with the views expressed herein. All costs of this appeal are taxed to the defendant-appellee. The assessment of costs at the trial level are to await the final determination of the cause.
REVERSED AND REMANDED.