JASPER E. JONES, Judge.
Appellants are 76 Bossier City firemen who sued the City of Bossier, the Mayor of Bossier City, and the Chief of the Bossier City Fire Department, seeking payment for all hours worked by them in excess of 40 hours per week subsequent to March 11, 1979. They assert their cause of action for payment of overtime wages of one and one-half times their hourly rate under the provisions of Ordinance # 120 of Bossier City. This ordinance contains a provision providing for payment of authorized overtime in excess of 40 hours in the amount of one and one-half times the regular hourly rate for certain grades of city employees provided the cost of such overtime compensation does not exceed funds available in the operating budgets of the departments concerned. Appellants also assert they were entitled to overtime compensation under the provisions of LSA-R.S. 33:1994(A)[1] for all hours worked by them in excess of 60 hours per week. Fourteen of the appellants alleged they were operators of fire alarm systems and they were entitled to overtime compensation under the provisions of LSA-R.S. 33:1994(B)[2] which provided that they shall work a maximum of 42 hours per week.
Defendants filed separate exceptions of no cause of action directed at plaintiffs’ claims asserted under the city ordinance and under the state statutes. The trial judge overruled the exceptions of no cause of action directed at the relief sought by plaintiffs under the provisions of the state statutes and sustained the defendants’ exception of no cause of action directed at the relief plaintiffs sought under the provisions of City Ordinance # 120.
Plaintiffs appeal the judgment sustaining defendants’ exception of no cause of action under the provisions of City Ordinance # 120.
Plaintiffs’ suit for payment of overtime hours worked by them consists of one cause of action. They make demands for relief under a city ordinance and under state statutes. They are therefore asserting two theories upon which all or part of the relief sought can be granted.
Defendants’ procedure of filing separate exceptions of no cause of action each directed at a different theory upon which plaintiffs sought relief constitutes the filing of exceptions of partial no cause of action, and the judgment appealed from which sustained one of these exceptions of partial no cause of action is not authorized by our procedural law.
In the decision of Lindsay v. Treadaway, 138 So.2d 241 (La.App.4th Cir. 1962), the plaintiff sued for specific performance of a real estate contract and in the alternative sought a return of double the amount of his deposit placed in connection with the real estate contract, and the trial court sustained an exception of no cause of action directed to the demand for specific performance but reserved to plaintiff the right to seek a return of the deposit. The court *463 reversed the trial court’s judgment sustaining the exception of no cause of action directed at the claim for specific performance relying on the decision of Bailey v. Texas Pacific Coal & Oil Company, 134 So.2d 339 (La.App.3d Cir. 1961). The court stated:
“This exact situation was presented in the case of Bailey v. Texas Pacific Coal & Oil Company, La.App., 134 So.2d 339, where the plaintiff demanded (1) to be decreed owner of overriding royalty interest in mineral leases, and (2) that he obtain judgment for a sum of money alleged to be due him as a brokerage fee pertaining to some of the same leases. In that case the trial court maintained the exceptions as to demand (1) and overruled them as to demand (2). In that case as here, plaintiff’s demands are based on one incident and upon one set of facts and the same evidence for the most part will be required to support either or both demands. From a very concise opinion by Judge Hood of the Court of Appeal, Third Circuit, we quote the following:
‘We think the jurisprudence of this State has been established to the effect that a suit will not be dismissed on exceptions of no right or no cause of action where the allegations of fact contained in the petition adequately set forth a right and a cause of action as to any part of plaintiff’s demands. Harwood Oil & Mining Co. v. Black, 240 La. 641, 124 So.2d 764; United Mine Workers of America v. Arkansas Oak Flooring Co., 238 La. 108, 113 So.2d 899; Acme Stores v. Better Business Bureau, 225 La. 824, 74 So.2d 43; Schackai v. Messa, 223 La. 626, 66 So.2d 573; Ingersoll Corporation v. Rogers, 217 La. 79, 46 So.2d 45; Interim Television Corporation v. Cappel, La.App. 2 Cir., 94 So.2d 539; C. W. Greeson Co. v. Harnischfeger Corp., 219 La. 1006, 54 So.3d 528; Keller v. Thompson, La.App. 2 Cir., 121 So.2d 575; Smith v. Kennon et al, 188 La. 101, 175 So. 763; Adkins’ Heirs v. Crawford, Jenkins and Booth, 200 La. 561, 8 So.2d 539; Waterworks District No. 3 v. City of Alexandria, 231 La. 908, 93 So.2d 211.
‘We are aware of the fact that there is also a line of jurisprudence which holds that where two separate and distinct demands are set up in the same suit, an exception of no cause or right of action may lie to eliminate the one while the other is maintained. Succession of Curtis, 156 La. 243, 100 So. 412 (criticized by Supreme Court in Reeves v. Barbe, 200 La. 1073, 9 So.2d 426); Succession of Nelson, 163 La. 458, 112 So. 298; Trussell v. Land, La.App. 2 Cir., 19 La.App. 124, 138 So. 910; Saint v. Meraux, 163 La. 242, 111 So. 691; and Allison v. Aetna Life Ins. Co., La.App. 2 Cir., 158 So. 389. See also 19 Tulane Law Review, 17, 31.
‘In the instant suit both of plaintiff’s demands are based on one incident, or upon one set of facts, and it appears to us that the same evidence would be required to support either or both of those demands. We think, therefore, that the petition does not set out two separate and distinct demands, but rather it sets out one cause of action on which plaintiff bases his demand for two separate types of relief. Under those circumstances we are convinced that exceptions of no cause and no right of action may not be employed to eliminate one demand while the other is maintained. For that reason, we feel that the general rule hereinabove first set out must be applied, and since the petition adequately sets forth a right and cause of action as to a part of plaintiff’s demands, the exceptions of no right or cause of action must be overruled.’ ” Id. 242-243.
In the decision of International Harvester Credit Corp. v. McGill, 281 So.2d 795 (La. App.3d Cir. 1973), the court reversed a trial court judgment sustaining an exception to the third demand asserted in a third party claim based upon one cause of action. In this case the third party asserted the following three demands:
*464 “1) the amount that he might be cast in judgment on the $103,065.49 note executed by McGill for the purchase of the farm tractors and implements,
2) $35,000 allegedly spent for repairs to the tractors and implements, and
3) $248,000 in damages resulting from McGill’s failure to make a crop due to the allegedly defective equipment.” Id. at 796.
All of the demands for relief were related to defects in farm machinery purchased by the third party plaintiff. The court there stated:
“The applicable rule is that exceptions of no cause of action are to be overruled if any part of the petition can stand against the exception.” Id. at 796.
Appellants’ demands under the city ordinance and the state statutes are all based upon the alleged number of hours they worked as firemen for the city in any one week. Plaintiffs must prove they worked 40 plus hours per week at the outset to assert their city ordinance claim and they must prove they worked an additional 20 plus hours to assert their demands under LSA — R.S. 33:1994(A). The fourteen fire alarm operators must prove they worked 42 plus hours to assert their demand under LSA-R.S. 33:1994(B). The number of hours worked in any one week by each plaintiff is the basis for recovery under the city ordinance and the state statutes and it is obvious that plaintiffs are asserting plural demands based upon a single cause of action.
In Walker v. Western-Southern Life Ins. Co., 361 So.2d 892 (La.App.2d Cir. 1978), plaintiff sought damages from the defendant, who was both his employer and his disability income insurer, for anticipated disability income and for mental anguish because of defendant’s failure to pay the disability income under the policy contract. The trial court sustained an exception of no cause of action directed at the claim for mental anguish damages for breach of contract. We reversed the judgment sustaining the exception of partial no cause of action, stating:
“The peremptory exception of no cause of action tests the legal sufficiency of the petition. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Haskins v. Clary, 346 So.2d 193 (La.1977) and cases cited therein.
Our Code of Civil Procedure does not provide for an exception of partial no cause of action. The effect of sustaining a peremptory exception is that the action shall be dismissed, not that part of the action be dismissed. La.C.C.P. art. 934. Since defendant’s exception is leveled at only the allegations of and prayer for nonpecuniary damages, not the sufficiency of plaintiff’s demand for breach of contract, the exception should have been overruled.
Defendant’s use of the exception of no cause of action to strike an element of claimed damages represents an improper use of the procedural vehicle and illustrates the problem of piecemeal litigation which can result from the misuse of provisions intended to streamline our civil procedure.” Id. at 894.
The defendants here used an improper procedural device to question plaintiffs’ demands under the city ordinance. An appropriate procedural approach to question the demands asserted under the city ordinance may have been a motion to strike provided for in LSA-C.C.P. art. 964[3]. See Lanham v. Woodward, Wight & Co., Ltd., 386 So.2d 131 (La.App.3d Cir. 1980). Another procedural device that defendants may have used *465 to question plaintiffs’ city ordinance claim for relief would be a motion for summary judgment which may be directed at all or part of the relief prayed for. LSA-C.C.P. art. 966 [4]. See also Smith v. Hanover Insurance Company, 363 So.2d 719 (La.App.2d Cir. 1978).
For the reasons assigned, the judgment sustaining the exception of partial no cause of action is set aside and the case is remanded for further proceedings. This decision shall not be construed as an expression by this court of any opinion as to the validity of appellants’ claims asserted under the provisions of the city ordinance. Costs will be assessed when the trial court renders judgment on the merits.

. LSA-R.S. 33:1994(A) — The maximum hours of work required of firemen covered by this Sub-part in cities having a population of thirteen thousand or more and that of all parish and fire protection district paid firemen in any calendar week shall be sixty hours. However, in case of emergencies, they may be required to work in excess of the maximum hours. For each hour so worked in excess of sixty hours in any calendar week a fireman shall be paid at the rate of one and one-half times his usual salary, to be determined by reducing his average monthly salary to an hourly scale.

. LSA-R.S. 33:1994(B) — The maximum hours of work required by persons employed or engaged full time by municipalities or municipal fire departments or by parish or parish fire departments or fire protection districts as operators of fire alarm systems in any one calendar week shall be forty-two hours.

. LSA-C.C.P. art. 964 — The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter. The motion of a party shall be filed within ten days after service of the pleading upon mover, except that a defendant may move to strike any matter from the petition at any time within fifteen days of the service.

. LSA-C.C.P. art. 966 — The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiffs motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.