415 So.2d 418 (1982)
Danny Glenn MILLER
v.
McDONALD'S CORPORATION, et al.
No. 14781.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
*419 Fred R. DeFrancesch, Baton Rouge, for plaintiff-appellant Danny Glenn Miller.
Vincent P. Fornias, Baton Rouge, for defendants-appellees McDonald's Corp. and McDonald's Perkins Road, Inc.
Before ELLIS, PONDER and SAVOIE, JJ.
PONDER, Judge.
Plaintiff appealed the dismissal of his claims (with one exception) in tort.
The issues are the duties owed by defendant to plaintiff and the propriety of the dismissal of some but not all the multiple grounds of recovery on a peremptory exception of no cause of action.
We reverse and remand.
Since we are doing so on the second issue, we elect to express no opinion on the first issue.
Plaintiff ordered food at one of defendants' places of business. A heated argument arose between him and the manager over whether he was due change from a $5.00 or a $10.00 bill. Finally, plaintiff broke off the argument and walked outside to eat the food there. He was followed by three women who had been in line behind him. The ensuing argument was vociferous and obscene. Finally, the women left in an automobile but, while leaving, one of the women shot plaintiff, wounding him severely.
Plaintiff sued McDonald's, the parent corporation, McD's Perkins Road, Inc. and a fictitious insurance company, alleging that although the restaurant had been the scene of numerous criminal acts, defendants failed to provide adequate security and that the manager failed to calm a dangerous situation. Defendants' exception of no cause of action was granted but plaintiff was allowed to amend. The amendment supplied a number of specific details to the allegations of negligence and added a claim for the return of the $5.00 he alleged he had been "shortchanged". Defendants filed another exception of no cause of action. The court maintained the exception and dismissed all claims except that for the return of the $5.00.
The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the pleadings. Johnson v. Edmonston, 383 So.2d 1277 (La.App. 1st Cir. 1980); Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir. 1979).
"When a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled." Rodriguez v. American Bankers Insurance Co. of Fla., 386 So.2d 652 (La.1980)[1] citing Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Louisiana & Arkansas Railway Company v. Goslin, 258 La. 530, 246 So.2d 852 (1971); Burns v. Genovese, 254 La. 237, 223 So.2d 160 (1969); Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961); Harwood Oil & Mining Co. v. Black, 240 La. 641, 124 So.2d 764 (1960). See also Taft v. City of Bossier City, 401 So.2d 461 (La.App. 2d Cir. 1981); Degel v. Deffes, 398 So.2d 1256 (La.App. 4th Cir. 1981);[2]Ezell v. Morrison, 380 So.2d 664 (La.App. 4th Cir. 1980);[3]Walker v. Western Southern Life *420 Insurance Co., 361 So.2d 892 (La.App. 2d Cir. 1978), writ denied 363 So.2d 537 (La. 1978); Ford Motor Credit Co. v. Soileau, 357 So.2d 563 (La.App. 3d Cir. 1978); Bailey v. Texas Pacific Coal and Oil Company, 134 So.2d 339 (La.App. 3d Cir. 1961). See also the opinion in Cenac Towing Co. v. Cenac, La.App., 413 So.2d 1351.
It is true that there is a line of cases to the contrary. City of Natchitoches v. State, 221 So.2d 534 (3d Cir. 1969), writ denied 254 La. 464, 223 So.2d 870 (1969) and cases listed in Bailey v. Texas Pacific Coal and Oil Company, supra, pages 340-341. We prefer to follow the first line.
The citation of LSA-C.C.P. Art. 1915[4] is unavailing, we believe, since although it speaks of dismissal of the suit as to some of the parties and adjudication of less than all issues of the case, it does so under the circumstances listed, none of which refers to a peremptory exception of no cause of action.
For these reasons the judgment appealed from is reversed and the case is remanded for further proceedings. Defendants are cast for the cost of this appeal.
REVERSED AND REMANDED.
NOTES
[1] This case contains a concise statement of the purpose of the rule:

"The purpose of the rule is to prevent multiple appeals. The trial court's ruling in this case is a final judgment which creates the right of appeal as to only part of plaintiff's cause of action and forces the intermediate court to consider the merits of that cause of action in a piece-meal fashion. The preferable procedure is for the trial court to overrule the exception and at the trial on the merits to exclude evidence of damages for breach of fiduciary obligation, if the court believes such damages are not recoverable. Relator can then include the evidence by means of a proffer, and in any subsequent appeal all issues can be presented at one time."
[2] This case contains the following at page 1256:

"The effect of sustaining the exception of no cause of action or any peremptory exception, is to dismiss the action, not a part of the action. LSA-C.C.P. Art. 934."
[3] See the following on page 665:

"Neither the exception of no right nor no cause of action can be employed to eliminate an isolated element of damage ...."
[4] LSA-C.C.P. Art. 1915:

"A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or interveners;
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969;
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969; or
(4) Renders judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case."