439 So.2d 561 (1983)
Danny Glenn MILLER
v.
McDONALD'S CORPORATION, et al.
No. 83 CA 0014.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
*562 Fred R. DeFrancesch, Baton Rouge, for plaintiff-appellant Danny Glenn Miller.
Vincent P. Fornias, Baton Rouge, for defendants-appellees McDonald's Corp. and McDonald's Perkins Road, Inc.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This case is before us on an appeal from a judgment which sustained an exception of no cause of action and dismissed Danny Glenn Miller's (plaintiff) suit. For this reason, the facts below are stated in the light most favorable to plaintiff and are taken from his original and supplemental petitions.
Plaintiff entered the McDonald's hamburger restaurant on Perkins Road in Baton Rouge and placed an order. The order amounted to less than $2.00. Plaintiff paid with a $10.00 bill but received change for a $5.00 bill. He became involved in an argument with the manager about the "shortchanging." Some of the other customers present "passed remarks" regarding the argument. After an uncertain interval and without getting any more change, plaintiff "left the enclosed restaurant to sit at one of the exterior tables on the premises." He *563 was followed out by three women who had been directly behind him in line at McDonald's. These three women "had become part of the manager's argument" involving the disputed change. They began shouting obscenities at plaintiff and continued to do so as they entered an automobile. The automobile pulled up next to the table where plaintiff was sitting, and a gunshot was fired which struck plaintiff. One of the three women fired the shot.
Plaintiff brought this suit against McDonald's Corporation, McDonald's Perkins Road, Inc., and the XYZ Insurance Company to recover for the damages he sustained from the shooting. The original petition was found by the trial court to state no cause of action. Plaintiff amended to expand upon the allegations of negligence and included a claim for the $5.00 change he never received. The trial court sustained the second exception of no cause, and the case was appealed. This court reversed the trial court's ruling because of the claim for the $5.00 change.[1] Defendants then deposited into the registry of the court the $5.00. The parties stipulated that the "shortchanging" claim had been satisfied by this tender. They resubmitted the issue to the trial court and anticipated its ruling would be adverse to plaintiff. The trial court again sustained the exception of no cause of action and dismissed plaintiff's suit. Plaintiff has appealed again.
The peremptory exception of no cause of action tests the legal sufficiency of the pleadings. When a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Miller v. McDonald's Corporation, 415 So.2d 418 (La. App. 1st Cir.1982) and authorities cited therein. Taking the well-pleaded factual allegations as true, the issue is whether the petition on its face presents a case which legally entitles plaintiff to redress. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); Mercier v. Flugence, 408 So.2d 52 (La.App. 3rd Cir.1981).
Whether or not plaintiff has stated a cause of action entitling him to redress in this case will be determined by applying to the facts, as stated in his petitions, the duty-risk analysis established by our Supreme Court in Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962) and its progeny. Under this approach, a plaintiff must prove the following elements:
(a) that the conduct of which he complains was a cause in fact of the harm;
(b) the existence of a duty on the part of the defendant which was imposed to protect against the risk involved;
(c) breach of that duty by the defendant; and
(d) actual damage to his person or property as a result of defendant's action or omission.
Applying this law to plaintiff's petitions, we see that plaintiff alleged "[t]he manager of the McDonald's did nothing to deflate a potentially explosive situation and in fact his violent and active participation was a primary cause of the resulting injury to your named petitioner." Yet the only fact alleged as to the manager's actions is that he was involved in an argument with plaintiff. We find that "potentially explosive situation," "violent and active participation," and "primary cause" are merely vague and conclusory statements, not well-pleaded factual allegations necessary to a cause of action. La.C.C.P. art. 891.
Plaintiff's amended petition added paragraphs which stated as follows:

IVA
Petitioner was followed out shortly by three women who were directly behind him on (sic) line at McDonald's. They started shouting obsenities (sic) at your petitioner and continued to do so as they entered their automobile.
. . . .

*564 VA
The automobile contained the three women who had become part of the manager's argument over the shortchanging of your petitioner. One of these women fired the shot which severely injured your petitioner.
Accepting these allegations as true, we fail to see any act or omission by the McDonald's manager which was a cause-in-fact of the shooting. Plaintiff's argument with the manager over the amount of change ceased when plaintiff left the store and the manager remained inside. Nothing in the petition alleged that the manager had anything to do with the three women following plaintiff out of the restaurant, shouting obscenities at him and shooting him. Since the manager's actions were not a cause-in-fact of the shooting, recovery against McDonald's for injuries sustained from the shooting is legally impossible under a duty-risk analysis.
The plaintiff alleged that this McDonald's was the site of prior criminal disturbances and was "frequented by youths who are many times doped up, high, drunk, or in various combinations of states," and that McDonald's failure to maintain reasonable security on the premises breached a duty owed the plaintiff. We disagree. An owner of a business who permits the public to enter its establishment has a duty to exercise reasonable care to protect those who enter. When the independent, intentional, tortious, or criminal acts of a third person constitute the unreasonable risk, the duty can be discharged by summoning those entrusted by law with the power of immediately maintaining the peace, the police, at the time the proprietor knows or should reasonably know of the third person's intention and apparent ability to execute the intended acts. Rodriguez v. New Orleans Public Serv., Inc., 400 So.2d 884 (La.1981). There are no allegations establishing that McDonald's knew that the three women possessed a gun or that they intended to shoot plaintiff; nor is there any allegation that McDonald's refused or failed to summon the police. The trial court's ruling implies a finding that McDonald's failure to hire a security guard is not a breach of its duty of reasonable care to protect its patrons. We cannot say, based on the duty as expressed in Rodriguez, that the trial judge's conclusions were manifestly erroneous.
Plaintiff's amended petition alleges as follows:
Petitioner's sister ran into McDonald's to call for help. She was informed that McDonald's policy was not to let anyone use the telephone. She screamed and cried but to no avail; McDonald's employees kept the door locked and continually refused her admittance. She ran outside in frustration and her uninjured brother ran in and only through the use of threats of force was he reluctantly admitted to use the telephone.
Plaintiff's amended petition further alleges McDonald's liability because of its "willful and knowledgeable refusal to assist one injured on [its] premises," and "the failure to train employees in first aid." We find no authority in Louisiana jurisprudence to impose a duty upon the defendants to come to the aid of one injured on its premises by a third person. We do note that the Restatement (Second) of Torts § 314A provides:
f. The defendant is not required to take any action until he knows or has reason to know that the plaintiff is endangered, or is ill or injured. He is not required to take any action beyond that which is reasonable under the circumstances. In the case of an ill or injured person, he will seldom be required to do more than give such first aid as he reasonably can, and take reasonable steps to turn the sick man over to a physician, or to those who will look after him and see that medical assistance is obtained. He is not required to give any aid to one who is in the hands of apparently competent persons who have taken charge of him, or whose friends are present and apparently in a position to give him all necessary assistance.
*565 We agree with the Restatement and hold that a proprietor of a business establishment has an ordinary duty of care to render reasonable aid under the circumstances after he knows or has reason to know that a person on his premises is ill or injured.
Plaintiff's damages, as alleged, stem from the shooting itself and not from any actions or omissions after the shooting. Under the duty-risk analysis, plaintiff must allege actual damage to his person as a result of the alleged "refusal to assist and/or refusal to render first aid" after defendants knew or should have known that plaintiff had been shot. We will afford plaintiff an opportunity to again amend his petition to allege, if he is able, a breach of duty owed to him after the shooting which resulted in damages to him. La. C.C.P. art. 934.
For the foregoing reasons, the judgment of the trial court is reversed, and the case is remanded to the trial court with instructions to permit an amendment of plaintiff's petition in accordance with the reasons set forth herein. If plaintiff fails to amend within twenty days after this decision is final, the trial court shall dismiss his suit. Costs of this appeal are taxed to defendants.
REVERSED AND REMANDED.
NOTES
[1] Miller v. McDonald's Corporation, 415 So.2d 418 (La.App. 1st Cir.1982).