472 So.2d 284 (1985)
Leo LAMBERT, Jr.
v.
NATIONAL BANK OF COMMERCE, et al.
Marion J. ALESSI
v.
NATIONAL BANK OF COMMERCE (In Organization), et al.
Nos. 84 CA 1474, 85 CA 0231.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
*285 Sidney A. Marchand, III, Donaldsonville, for plaintiff-appellant Leo P. Lambert, Jr.
Peter J. Losavio, Jr., Baton Rouge, for defendant-appellee Marion J. Alessi.
Tom F. Phillips, Baton Rouge, for defendant-appellee National Bank of Commerce.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
Plaintiffs Leo P. Lambert, Jr. and Marion J. Alessi have filed separate yet similar lawsuits which have been consolidated. Plaintiffs allege they were active in the formation and organization of National Bank of Commerce and were illegally ousted from the interim board of directors of said bank on May 4, 1984. The interim board was replaced by a permanent board of directors on July 23, 1984. Plaintiffs seek writs of mandamus directing defendants (National Bank of Commerce, the bank's board of directors in organization, interim board chairman J. Peyton Parker, Jr. and interim board president Richard Norem, Sr.) to reinstate plaintiffs to the interim board and to sell bank stock to plaintiffs. Plaintiffs additionally pray for damages.
Defendants filed exceptions of no cause of action based upon unauthorized use of mandamus and mootness. The trial court overruled the exception as to the unauthorized use of summary proceedings, sustained the exception as to mootness and dismissed with prejudice plaintiffs' claims to be reinstated to the interim board of directors. Plaintiffs have appealed the judgment in regard to the dismissal of their claims to be reinstated. This matter is presently before the court on a motion to dismiss the appeal filed by defendants.

ISSUE PRESENTED FOR REVIEW
Defendants contend the trial court's ruling declaring a portion of plaintiffs' claims moot is an interlocutory judgment and is non-appealable under La.C.C.P. arts. 2083, 1841.
La.C.C.P. art. 2083 provides, inter alia, for appeals from final judgments.[1] La.C. C.P. art. 1841 provides, in part: "A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment."
The trial court's judgment which dismissed with prejudice plaintiffs' claims to be reinstated to the interim board is a final judgment under La.C.C.P. art. 1841 since it determines the merits in part. It is not essential that it settle all the rights existing between the parties to the suit. All that is required is that it determine issues involved on the merits of the action. Devillier v. City of Opelousas, 243 So.2d 118 (La.App. 3rd Cir.1971). See River Cities Construction Co. v. Barnard & Burk, Inc., 444 So.2d 1260 (La.App. 1st Cir.1983), writ denied, 446 So.2d 1223 (La. *286 1984), writ denied, 446 So.2d 1226 (La. 1984).
The trial court essentially granted a partial no cause of action based upon a portion of plaintiffs' claims being moot. Such a judgment is a final judgment which creates the right of appeal as to only part of plaintiffs' cause of action. See Rodriguez v. American Bankers Insurance Co. of Florida, 386 So.2d 652 (La.1980); Miller v. McDonald's Corp., 415 So.2d 418 (La. App. 1st Cir.1982), appeal after remand, 439 So.2d 561 (La.App. 1st Cir.1983), writ not considered, 442 So.2d 462 (La.1983).
In the interest of preventing piecemeal appeals, the appellate courts have on numerous occasions overruled or vacated judgments granting partial exceptions of no cause of action. See Miller, 415 So.2d at 420 and cases cited therein. In Cenac Towing Co. v. Cenac, 413 So.2d 1351 (La. App. 1st Cir.1982), an appeal and writs were taken from a partial exception of no right of action. The appellees filed a motion to dismiss the appeal and oppose the writ. Relief was granted under the appeal rather than on the writ or the motion to dismiss the appeal. Presumably, the motion to dismiss the appeal was dismissed because the judgment on the exception was a final, appealable judgment, although it was procedurally invalid under the Code of Civil Procedure.[2] For the foregoing reasons, the motion to dismiss the appeal is denied.
MOTION DENIED.
NOTES
[1] Plaintiffs do not argue that the judgment is an interlocutory one causing irreparable injury. The sole issue on the motion to dismiss is whether the lower court's judgment is final.
[2] There are a few cases which state that some partial judgments are appealable. See Jackson v. Jackson, 425 So.2d 379 (La.App. 3rd Cir.1982); Lee v. Lee, 375 So.2d 769 (La.App. 4th Cir.1979). These cases focus on La.C.C.P. art. 1915 (A) which provides:

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969.
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
These cases find that partial judgments not enumerated in art. 1915 are not final and, consequently, are not appealable absent overriding considerations of judicial economy. However, the majority of cases as noted above find judgments that determine the merits in whole or in part to be final without reference to art. 1915.