LOBRANO, Judge.
On June 17, 1983, Jayne Album Glazer passed away. Her husband, Meyer Glazer, made arrangements to have her buried next to his mother and father in the family burial plot at the Gates of Prayer Cemetery in New Orleans. On June 19, 1983, Mrs. Glazer was interred.
Shortly thereafter, Abe Glazer, Harry Glazer, Pearl Glazer Horowitz (Meyer Glazer’s siblings) and Ben Glazer, Inc. (collectively referred to as plaintiffs) sued Meyer Glazer (defendant) seeking: (1) to have the title to the burial plots recognized in Ben Glazer, Inc.; (2) to have the remains of Jayne Album Glazer exhumed and moved and (3) monetary damages for the burial ■without permission. Subsequent amended pleadings sought damages from Tharp Son-theimer Tharp, the funeral home that arranged Mrs. Glazer’s funeral. Tharp Son-theimer third partied the Congregation Gates of Prayer, Inc., custodian of the cemetery grounds.
The trial court held that the burial plots were owned in indivisión by the Glazer children (not the corporation) and ordered a partition by licitation. Tharp Sontheimer and the Congregation Gates of Prayer, Inc. were dismissed. The court reserved ruling on the issue of damages until after the ownership issue becomes final.
Meyer Glazer appeals contending that the partition should be in kind rather than by licitation. Plaintiffs filed an untimely answer to the appeal contending Ben Glazer, Inc. should be recognized as owner of the burial plots and seeking reversal of the dismissal of Tharp Sontheimer. Plaintiffs also filed a motion to dismiss the appeal and remand based on the fact that the trial court reserved ruling on the damage issue.
The issues presented for our consideration are as follows:
1) Is the judgment of the trial court a final, appealable judgment?
2) Is plaintiffs’ answer to the appeal untimely?
3) Is partition by licitation of burial plots correct under the circumstances of this case?
MOTION TO DISMISS AND/OR REMAND
Plaintiffs argue that since the trial court reserved ruling on the damage issue, the judgment is not final, and therefore non-ap-pealable.
La.Code of Civil Procedure Article 2083 provides:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814.”
A final judgment is defined in Code of Civil Procedure Article 1841 as “[a] judgment that determines the merits in whole or in part. ...”
Plaintiffs argue that the provisions of Code of Civil Procedure Article 1915 control the determination of whether a partial judgment is final for purposes of appeal. Although there are some cases which focus *724 on that article in determining whether a partial judgment is appealable, there are at least an equal number which find that judgments deciding the merits of an issue, in whole or in part, are final without reference to Article 1915. Lambert v. National Bank of Commerce, 472 So.2d 284 (La.App. 1st Cir.1985), and the cases cited therein, and at footnote 2. In Lambert, supra, the Court denied a motion to dismiss an appeal where the trial court dismissed a portion of plaintiffs claim as moot. The lower court’s judgment was described as "... a final judgment under La.C.C.P. Art. 1841 since it determines the merits in part.” Id. at 285.
This Court is fully aware of the overriding interest in preventing piecemeal litigation. Nonetheless, we conclude that it is not essential that a judgment settle all the rights existing between the parties to a suit for it to become a final judgment. The trial court in this case made a determination that the burial plots in question were owned in indivisión by the Glazer children and ordered them sold. We believe judicial economy is better served by considering the merits of this ruling at this time, rather than remanding for determination of the damage issue. Therefore we deny the motion to remand.
ANSWER TO THE APPEAL
Plaintiffs argue that they timely answered the appeal of Meyer Glazer. The record shows that the document styled “Formal Answer to Appeal” was received by this Court April 15, 1986, clearly well beyond the due date. (The record was lodged August 19, 1985, and the answer was due 15 days thereafter.)
Plaintiffs argue, however, that various correspondence with this Court’s Clerk suffices as an answer. Correspondence from the plaintiff’s attorney on July 11, 1985 requesting that the Clerk notify plaintiffs the date the record is lodged states in part, “[sjince plaintiffs wish to answer the appeal, and also seek relief from the portion of the judgment ...” Correspondence from this same attorney dated August 20, 1985 requesting oral argument states as a reason therefore that “... both plaintiffs and defendants are aggrieved by the decision of the District Court and will request a modification of the decision below.” (emphasis added). Finally, on February 27, 1986 plaintiffs’ attorney requested a confirmation from the Clerk as to the due date of his brief. In that correspondence he advises that he represents “plaintiffs-appellees-cross-appellants”.
Code of Civil Procedure Article 2133 provides:
“An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee’s action.”
Plaintiffs argue that the various correspondence noted above should be considered sufficient to constitute an answer. We disagree. The above cited article is clear that an appellee who wishes to have the lower court judgment modified or reversed must answer within the fifteen day period and state the relief sought. Plaintiffs’ correspondence merely indicated to the Clerk an intent to answer the appeal. We do not deem this sufficient. Furthermore the description of plaintiffs as “cross-appellants” is likewise insufficient to constitute an answer. We therefore reject *725 plaintiffs’ answer to the appeal as untimely.
MERITS OF PARTITION BY LICITATION
The trial court’s judgment ordered the partition by licitation of all seven burial plots, including the two occupied by the parents of plaintiffs and defendant. Presumably a sale to a third party of these plots could necessitate the exhuming of the remains of the person buried in those plots.
Exhumation is against public policy, is not favored in the law and should only be done on a showing of good cause. Travelers Insurance Co. v. Welch, 82 F.2d 799 (C.A. 5th, 1936); Nolan v. Nolan, 125 So.2d 792 (La.App. 4th Cir.1961). This Court will endeavor to follow public policy and reach a result which will allow the mortal remains of those buried in the subject plots to remain in their final resting place.
Civil Code Article 1289 provides:
“No one can be compelled to hold property with another, unless the contrary has been agreed upon; any one has a right to demand the division of a thing held in common, by the action of partition.”
Our law provides three alternative when an action for partition is commenced among co-owners. The property may be partitioned in kind, by licitation or partition may be totally prohibited. La.C.C. Arts. 1337, 1339, 1303; La.C.C.Pro. Arts. 4606, 4607.[1]
Partitions in kind are favored in the law unless the property is indivisible by nature, or cannot be conveniently divided. La. C. C. Pro. Art. 4606. There can be no partition when the use of the thing held in common is indispensable to the co-owners. La.C.C. Art 1303.
Although we can understand the dilemma, and perhaps frustration of the trial judge in deciding this case, we nevertheless are of the opinion his judgment was in error.
There are seven burial plots, three of which are occupied. Two of the three contain the remains of the plaintiffs’ and defendant’s mother and father. The other contains the remains of defendant’s wife. We would assume that the parties did not intend to partition the plots where their mother and father are buried. In any case, we decide that Civil Code Article 1303 prohibits the partition of those two plots because their use is indispensable to all of the owners in paying respects to their parents, and possibly religious worship.
Given the public policy against exhumation, the remaining five plots (including the one containing the remains of defendant’s wife) should be partitioned in kind. However there are four co-owners, making that difficult, but not impossible. We decree that title to the plot containing the remains of defendant’s wife be vested in defendant, Meyer Glazer. We decree that plaintiffs, Abe Glazer, Harry Glazer and Pearl Glazer Horowitz be vested with title to one vacant plot each. The remaining plot, owned by all in indivisión is not susceptible to being divided in kind, and therefore a partition by licitation of said plot is ordered.
Since we are unable to determine from the record which plots are occupied, and which are not, we remand to the trial court to make that determination and render a judgment in accordance with the opinion expressed herein. This matter is also remanded for a determination of damages, if any, that may be due plaintiffs because of the burial of Meyer Glazer’s wife.
REVERSED IN PART, AFFIRMED IN PART, REMANDED.

. Although the Civil Code Articles dealing with partition appear in Chapter 12, Title 1 of Book III entitled "Of the Partition of Successions" it is clear those articles apply to all partition actions. See, Bernardi v. Chesson, 451 So.2d 145 (La.App. 1st Cir.1984); La.CC. Art. 1308.