GUIDRY, Judge.
MOTION TO DISMISS
On October 8,1982, the plaintiff-appellee, Billy Ray Cooper, filed a Petition to Partition Community Property against the defendant-appellant, Audrea Merle Cooper. A trial was held in September, 1985, after which the trial court took the matter under advisement. On October 22,1985, the trial court rendered a judgment on the issue of when the community regime between the parties terminated. The trial court decreed that the community regime that existed between the parties was terminated, retroactive to the date of October 8, 1982.
On October 30, 1985, the trial court granted the defendant a suspensive appeal from the October 22, 1985 judgment.
On November 6, 1985, the trial court conducted further proceedings in the matter of partitioning the community property at which evidence was submitted and an *498 appraiser appointed. On March 20, 1986, the trial court rendered a judgment partitioning the community property.
The plaintiff moves to dismiss defendant’s appeal of the October 22, 1985 judgment on the ground that the appeal promotes piecemeal appeal of litigation as the judgment appealed from concerned only a limited issue of the entire matter.
We find that the judgment appealed from, decreeing the date the community regime terminated, is a partial final judgment from which the defendant has a right to appeal.
Article 2083 of the Code of Civil Procedure allows an appeal to be taken in cases where final judgment has been rendered. A judgment that determines the merits in whole or in part is a final judgment. LSA-C.C.P. Art. 1841.
It is abundantly clear that a final judgment need not dispose of all the issues between the parties. For a judgment to achieve the character of finality, it is necessary only that it “trench upon the merits”. Devillier v. City of Opelousas, 243 So.2d 118 (La.App. 3rd Cir.1971). Therefore, a final judgment need not dispose of all issues between the parties to be appealable.
The judgment of October 22, 1985, disposed of an issue concerning the merits of the case as it determined when the community regime terminated. The remaining issues were decided by the March 20, 1986 judgment which partitioned the property.
Therefore, we conclude that the judgment rendered October 22,1985, was a partial final judgment from which the defendant has a right to appeal. Accordingly, the plaintiff’s motion to dismiss the defendant’s appeal is denied.
MOTION DENIED.