LeBLANC, Judge.
Appellees, Jerry and Elizabeth Landry have filed a motion to dismiss this un-lodged appeal, contending the judgment is interlocutory and not appealable.
Jerry Landry was injured when he fell aboard a ship owned by his employer, John Graham & Sons. Landry was employed as a port captain when the accident occurred. Landry and his wife sued Graham in tort, alleging he was a “seaman” under the Jones Act and therefore not limited to state worker’s compensation or longshore and harbor worker’s compensation.
Both defendants and plaintiffs filed motions for summary judgment on the issue of Landry’s seaman status.[1] Following a hearing, the trial court denied defendants’ motion and granted plaintiffs’ motion, finding Landry was entitled to seaman status and that he may pursue his tort claim. Defendants then suspensively appealed the granting of plaintiffs’ motion. Plaintiffs have moved to dismiss the appeal, contending the judgment holding that Landry was a seaman is interlocutory and not appeal-able.
An appeal may be taken from a final judgment or an interlocutory judgment which causes irreparable injury. La. Code Civ.P. art. 2083. A judgment which does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. Code Civ.P. art. 1841. An interlocutory judgment neither disposes of issues applicable to the merits, nor finally affects the merits, nor deprives defendant of benefits to which he may be entitled at a final hearing. River Cities Constr. v. Barnard & Burk, Inc., 444 So.2d 1260,1268 (La.App. 1st Cir.1983), writs denied, 446 So.2d 1223, 1226 (La. 1984).
A judgment that determines the merits in whole or in part is a final judgment. La.Code Civ.P. art. 1841. A final judgment need not dispose of all of the issues between the parties. All that is required is that it determine issues involved on the merits of the action. Lambert v. National Bank of Commerce, 472 So.2d 284 (La.App. 1st Cir.1985); Devillier v. City of Opelousas, 243 So.2d 118 (La.App. 3d Cir.1971).
In Cooper v. Cooper, 491 So.2d 497 (La.App. 3d Cir.1986), the trial court rendered a judgment in a partition suit on the issue of when the community property regime between the parties terminated. (A separate judgment partitioning the community property was rendered later.) The Third Circuit held that the judgment deciding when the community regime terminated was a partial final judgment.
In the instant case, the determination of Landry’s seaman status affects the merits of the action. If the court had found that Landry was not a seaman under the Jones Act, defendant would have been entitled to a dismissal of the tort claim. Consequently, the judgment deprives defendants of a benefit to which it may have been entitled at a final hearing. Therefore, the judgment decides the merits of the action in part and is a final judgment. Accordingly, this motion to dismiss defendants’ appeal is denied.
MOTION TO DISMISS APPEAL DENIED.

. It appears plaintiffs’ motion for summary judgment was unauthorized since they did not move for a judgment for all or part of the relief for which they had prayed. See La.Code Civ.P. art. 966. Although a summary judgment may be rendered on the issue of liability alone under section C of article 966, that section does not apply in this instance. The resolution of Landry’s seaman status only determines his right to bring suit, not Graham’s ultimate liability. See Holland v. Allied Structural Steel Co., 539 F.2d 476 (5th Cir.1976), cert denied, 429 U.S. 1105, 97 S.Ct. 1136, 51 L.Ed.2d 557 (1977). However, the issue of whether plaintiffs’ use of summary judgment was authorized is a question to be determined on the merits of this appeal.