HERBERT A. CADE, Judge Pro Tern.
This court ordered four of five burial plots in the Glazer family plot divided among Abe Glazer, Harry Glazer, M.D., Pearl Glazer Horowitz and Meyer Glazer, designating that the plot in which Meyer Glazer’s wife is buried belongs to him, and leaving the other three siblings to choose from the four remaining plots. The plot not chosen was ordered sold at auction. The matter was remanded for the trial court to determine whether Meyer Glazer owed his brothers and sister damages for burying his wife in the family plot without their consent. See Ben Glazer Co. v. Tharp-Sontheimer-Tharp, Inc., 491 So.2d 722 (La.App. 4th Cir.), writ denied 496 So. 2d 348 (La.1986).
On remand Abe Glazer, Harry Glazer, M.D. and Pearl Glazer Horowitz each selected a burial plot. The remaining plot— *208 that contiguous to Mrs. Meyer Glazer’s resting place — was purchased by Abe Glazer. The issue of damages was tried and the trial court found no damages were due. Abe Glazer, Harry Glazer, M.D., and Pearl Glazer Horowitz now ask us to reverse that determination and to award damages.
Our review of the record on remand reveals no reversible error. Pearl Glazer Horowitz did not appear or testify at trial. Harry Glazer did not appear or testify at trial. Abe Glazer testified only that the presence of his late sister-in-law’s remains in the family plot caused him “grieving,” affected him “pretty bad”, and aggravated an ulcerous condition; that the relationship between his late mother and his late sister-in-law was “very bad”; and that he purchased the plot between them for $20,-000.00. On such a meager record we are not inclined to disturb the trial court’s factual findings, and accordingly affirm the judgment.
AFFIRMED.