liKLIEBERT, Chief Judge.
In this worker’s compensation matter, plaintiff, Bernard J. Wellmeyer, Jr., appeals an April 14, 1994 trial court judgment[1] finding him permanently partially disabled (rather than permanently totally disabled), denying prejudgment interest on medical expenses, expert fees, and costs, and denying plaintiffs request for penalties and attorney’s fees against defendants. Previously, the case was bifurcated, with the issue of plaintiffs employment status (whether he was an employee and within the course and scope of his employment) being tried on October 29, 1990. By judgment dated December 6,1990, the trial court found in favor of plaintiff on both issues. Defendant moved for a new trial, which was denied. Neither party appealed that judgment.
The judgment which is the subject of this appeal was rendered on April 14, 1994, following a November 2-3, 1993 trial on the issue of the amount of compensation to which plaintiff was entitled. Following that judgment, plaintiff has devolutively appealed.
As previously noted, plaintiff was found to be within the course and scope of his employment with defendant when he was injured while attending a seminar weekend in Clear-water, Florida. |2Mr. Wellmeyer fractured his right femur during a game of beach football on June 26, 1983. The injury required surgery and the insertion of a plate and 13 screws to hold Mr. Wellmeyer’s femur together. Additionally, a bone graft was required. After plaintiff stabilized, he returned home by plane on July 5, 1983. Shortly after his arrival, plaintiff developed blood clots in the left femoral artery and groin area, causing his left leg to swell. He was again hospitalized and treated with blood thinners and bed rest to resolve the clots. Mr. Wellmeyer was left with permanent venous insufficiency, caused by the clots’ scarring of his blood vessels, and at an increased risk for developing future clots and phlebitis.
Initially, we note that defendant devoted a significant portion of his brief to the argument that plaintiff was not defendant’s employee, but was an independent contractor. However, we are precluded from considering any issues defendant-appellee raises in brief because defendant-appellee neither answered plaintiffs appeal nor filed its own appeal. LSA-C.C.P. arts. 2082, 2133; Jones v. Gillen, 564 So.2d 1274 (La.App. 5th Cir. 1990), writ denied 568 So.2d 1080 and 568 So.2d 1081 (La.1990). Furthermore, we note that the judgment that determined plaintiffs status as an employee was rendered December 7, 1990, and defendant also failed to appeal that judgment. (Defendant filed a motion for new trial, which was denied.) It appears to this Court that defendant was under the misapprehension that the December 1990 judgment was interlocutory. However, it was a final judgment, as an interlocutory judgment neither disposes of issues applicable to the merits, nor finally affects the merits, nor deprives the defendant of benefits to which he may be entitled at a final hearing. LSA-C.C.P. arts. 1841, 2083; Landry v. John E. Graham & Sons, 506 So.2d 843 (La.App. 1st Cir.1987). A final judgment need not dispose of all the issues between the parties; all that is required is that it determine issues involved on the merits of the action. Id. at 844. The decision as to plaintiffs status is clearly one on the merits, because without being an employee plaintiff has no right to seek worker’s compensation benefits from defendant.
*747 |3Plaintiff contends that the trial court erred in not finding him permanently totally disabled under the “odd-lot” doctrine, which held that a plaintiff need not be utterly helpless to be adjudged totally and permanently disabled.[2] In Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980), the Supreme Court defined the “odd lot” doctrine:
In order to determine whether the plaintiff fits within this category of odd-lot workers, he must show that because of his physical impairment, mental capacity, education, training, age, availability of employment in his area, and any other relevant factor, that he “cannot perform the substantial and material parts of some gainful work or occupation with reasonable continuity.” Reese v. Preston Marketing Assoc., 274 Minn. 150, 142 N.W.2d 721, 723 (1966). If the plaintiff is successful in showing a combination of factors indicating that the services which he is able to render are so limited in quality, quantity, or dependability that a market for his labor does riot exist within which he can effectively compete, he has presented a prima facie case for classification in the odd-lot category. An offering of such proof by the plaintiff, therefore, satisfies his burden of proving that he should be awarded benefits for permanent and total disability. The defendant employer then has the onus of showing that there are jobs which are available to provide a steady income to the plaintiff or that will provide him with “a gainful occupation.”
Oster v. Wetzel Printing, Inc., at 1323-1324.
Our review of the records leads us to conclude that the trial court did not err in classifying the plaintiff as permanently partially disabled. Plaintiff, whose livelihood is selling life insurance and securities, continued to work as a manager for defendant until 1985, when he was terminated. He later bought stock in Hanover Investments and hired agents. Plaintiffs gross income in the years since the accident is summarized as follows:
1984 $ 50,729
1985 80,704
1986 86,113
1987 91,514
1988 110,160
1989 66,816
1990 31,826
1991 22,504
1992 22,469
1993 n/a
LThese figures establish that Mr. Well-meyer, despite his pain and physical impairment, was able to earn a substantial income during the period he claims odd-lot status. His own testimony establishes that, instead of focusing on new sales, he trained sales agents and set up seminar dinners at which the agents could develop sales leads. In return for these efforts, which included assuming the expenses of an office, Mr. Well-meyer earned a' portion of each salesman’s commissions. Further support for the court’s reasonable basis for the rejection of plaintiffs odd-lot claim is found in his medical records, showing a 5-year gap in orthopedic treatment of record. Such a gap refutes plaintiffs claim that his pain was sufficiently debilitating so as to place him within the odd-lot category pursuant to Calogero v. City of New Orleans, 397 So.2d 1252 (La.1980).
In affirming the trial court’s finding of permanent partial disability, this Court recognizes that plaintiffs injury had a significant impact on his life that required plaintiff to accommodate both his work life and personal life to the injury. However, the record clearly shows that plaintiffs work was largely adaptable to his new limitations and that he continued to be able to earn a living. Hence, we find no error in this portion of the trial court’s judgment.
Next, plaintiff claims the trial court erred in failing to award legal interest on 1) medical expenses for which defendant was found liable; 2) expert fees for which defendant was found liable; and 3) costs of the proceedings.
We agree with plaintiff that interest should be awarded on the out-of-pocket medical expenses plaintiff incurred. Duncan v. *748 State, DOTD, 556 So.2d 881 (La.App. 2nd Cir.1990). However, defendant is entitled to a credit in the principle amount of $17,544.00, the amount it deposited into the registry of the court on November 2, 1992. Therefore, interest on the medical expenses shall be calculated on the difference between those two amounts, and shall be calculated from the date of judicial demand. Duncan, supra, at 891. See also Chisholm v. L.S. Womack, Inc., 424 So.2d 1138 (La.App. 1st Cir.1982).
We also agree that the plaintiff is entitled to interest on the amount of expert witness fees, but only from the date of the judgment setting those fees. Cajun Electric Power Co-op. v. Owens-Corning Fiberglass Corp., 616 So.2d 645 (La.1993).
Finally, we agree with plaintiffs contention that he should be awarded interest on court costs from the date of judicial demand, in accordance with Cotton v. Wal-Mart Stores, Inc., 552 So.2d 14 (La.App. 3rd Cir.1989).
Last, plaintiff contends that the trial court erred in not finding the defendants arbitrary and capricious in their failure to pay plaintiffs claim, and therefore not awarding Mr. Wellmeyer attorney’s fees and penalties in accordance with LSA-R.S. 23:1201.2. We agree and award plaintiff these sums, with interest as prayed for on the penalties from date of judicial demand.
The trial court’s basis for the denial of penalties and attorney’s fees was because the issue of plaintiffs status as an employee was contested in good faith. While that may have been true at one point, defendant’s failure to pay ceased to be a good faith act following the December 6, 1990 final judgment whereby Mr. Wellmeyer was found to be a covered employee. As stated previously in this opinion, defendants failed to appeal that judgment, which was a final, partial judgment on the merits of this case. Once that judgment became final upon the expiration of appeal delays, defendants no longer had any legal or reasonable basis to withhold payment from Mr. Wellmeyer of his compensation and medical expenses. Chisholm v. L.S. Womack, Inc., supra, at 1143. Therefore, he is clearly entitled to both statutory penalties, interest thereon, and attorney’s fees. Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978); Hidalgo v. Old Hickory Ins. Co., 630 So.2d 252 (La.App. 5th Cir. 1993).
Accordingly, we affirm the trial court’s classification of the plaintiff as permanently partially disabled. We reverse that part of the judgment denying plaintiff penalties and attorney’s fees as Lper applicable law. We amend the judgment to allow interest from the date of judicial demand on plaintiffs out-of-pocket medical expenses (subject to a credit of the principle for $17,544.00), to allow interest from the date of the judgment on expert witness fees, and interest on court costs from date of judicial demand. The plaintiff is awarded statutory penalties of 12% of the amount of the trial court judgment, with interest thereon from the date of the judgment. This Court hereby sets the award of attorney’s fees at $4,000.00, which includes both the trial and appeal phases.

REVERSED IN PART, AFFIRMED IN PART, AND AMENDED.

GRISBAUMÍ, J., concurring in part and dissenting in part.
CANNELLA, J., concurs in the result.

. Because Mr. Wellmeyer's accident occurred on June 26, 1983, the entire matter has proceeded in the district court, rather than the Office of Worker's Compensation.

. The odd lot doctrine is applicable to plaintiff's case because of the date of his injury (June 26, 1983). This doctrine has been legislatively repealed. Behmke v. K-Mart Corp., 581 So.2d 291 (La.App. 5th Cir. 1991).