613 So.2d 729 (1993)
Wilfred HEBERT and Catherine Hebert
v.
TACO BELL CORPORATION, et al.
No. 92-CA-0606.
Court of Appeal of Louisiana, Fourth Circuit.
January 28, 1993.
*730 Robert T. Myers, Young, Richaud, Theard & Myers, New Orleans, and Steven B. Badeaux, Badeaux & Badeaux, Metairie, for plaintiffs/appellants.
Robert E. Peyton, J. Roslyn Lemmon, Christovich & Kearney, New Orleans, for defendants/appellees.
Before BYRNES, LOBRANO and ARMSTRONG, JJ.
LOBRANO, Judge.
Plaintiffs, Wilfred and Catherine Hebert, the parents of Jason Hebert, appeal the trial court's judgment granting a partial summary judgment in favor of Taco Bell Corporation. The judgment dismissed plaintiffs' allegation that Taco Bell was *731 negligent in failing "to provide adequate security as Taco Bell had no duty to hire a security guard." Summary judgment as to the other assertions of negligence against Taco Bell were denied. Those assertions include failure of Taco Bell to take appropriate action to stop the fight, and allowing its employees to encourage the fight.
The facts are basically uncontested. On November 1, 1989 Clifford Turner was inside the Taco Bell Restaurant on Read Boulevard seated at a table with a small group. Dawn Ranna was relaying messages between Turner and Jason Hebert who was standing outside of Taco Bell in the parking lot. Basically, the messages were that each young man wanted to fight the other. However, there was no physical confrontation on that date.
The next day, November 2nd, after classes recessed at nearby Abramson High School, Hebert walked over to the Taco Bell parking lot where he and Turner exchanged "fighting" words. They both decided to cross the fence into neighboring Joe Brown Park where they got into a fight which escalated when three other individuals joined the altercation. Hebert died the next morning as a result of injuries received in the fight.
Jason's parents filed the instant suit against Taco Bell alleging various negligent acts including its failure to provide security at its place of business. This specific allegation of negligence was dismissed on Taco Bell's motion for summary judgment. The narrow issue on appeal is whether the negligence allegation of failure to provide adequate security was properly dismissed on summary judgment. For the following reasons, we affirm. We hold that there was no duty by Taco Bell to provide a security guard, and even assuming there was a duty, Taco Bell's failure could not be a cause in fact of Hebert's death.
Plaintiffs, in opposition to the motion, refer to the depositions of two Taco Bell employees (Elizabeth Johnson and Avery Matthews) and two students who witnessed the fight (Julian Tate and Annette Liner). They argue that there is sufficient evidence to indicate that Taco Bell should have had a security guard on the premises thus precluding summary judgment. Specifically they refer to Avery Matthews and Annette Liner's testimony that the Taco Bell was a gathering spot for the Abramson students after school hours, and that management was aware of the large gathering of students. Annette Liner testified that she witnessed three or four fights in the area prior to this incident, but recalled only one of them actually on the Taco Bell parking lot.
Plaintiffs also argue that the evidence suggests that Taco Bell employees knew of the neighboring altercation yet failed to call the police. They assert that there is evidence one employee may have encouraged the fight. However these arguments do not address the narrow issue of whether Taco Bell had a duty to provide a security guard, but are more germane to the negligence assertions not dismissed by the trial court.
TACO BELL'S DUTY TO PROVIDE SECURITY:
An owner of a business who permits the public to enter its establishment has a duty to exercise reasonable care to protect those who enter." Miller v. McDonald's Corp., 439 So.2d 561 (La.App. 1st Cir.1983) at 564, writ not considered by 442 So.2d 462 (La.1983). Generally there is no duty to protect others from the criminal activities of third persons. Harris v. Pizza Hut of Louisiana, 455 So.2d 1364 (La. 1984), citing Restatement of Torts Second, Sec. 314 (1965). However, if at the time a business proprietor knows or should reasonably know of a third person's intent to commit a tortious act which would endanger the patrons, he can fulfill his duty of protection by summoning the police. Miller v. McDonald's Corp., supra.
The narrow issue of whether a security guard is required involves the same inquiry necessary in any negligence claim. That is, if the risk of harm to his patrons by third persons is sufficiently foreseeable then the business owner has a duty to take reasonable precautions to protect against the harm. In Foster v. Colonel *732 Sanders Kentucky Fried Chicken, Inc., 526 So.2d 252 (La.App. 2nd Cir.1988), writ den., 531 So.2d 483 (La.1988) our brethren of the Second Circuit adopted the following principle with which we concur.
"A restaurant is not obligated to hire a security guard or to take other precautions against crime unless it decides or should decide that ordinary police protection is inadequate. The duty therefore does not extend to the protection of customers from the criminal acts of third parties unless the risk of crime on the premises was sufficiently foreseeable to require special protection through security measures." at 258.
We realize that this matter is before us on summary judgment. The only evidence supportive of the conclusion that Taco Bell should have known of a risk of harm and thus hired a security guard was (1) the testimony of Liner that there had been three or four prior fights in the area, but only one on Taco Bell property and (2) the testimony that Taco Bell was a gathering place for students after school. Accepting that evidence as true and giving plaintiff every favorable interpretation of same, we conclude it does not create a foreseeable risk of harm requiring the necessity of a security guard.
Plaintiffs refer to the records of the New Orleans Police Department during the period January 1, 1985 through January 3, 1991 which purportedly reflect over 1,750 complaints in the 5600 block of Read road, the block in which Taco Bell is located. This document was attached as an exhibit to plaintiffs' opposition memorandum. The trial judge refused to consider this document as inappropriately before the court. That was a correct ruling. Under Article 966(B) a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any show that there is not genuine issue as to material fact...." The police department computer print out sheet is inappropriate in considering this motion for summary judgment.

CAUSE-IN-FACT:
Assuming arguendo that Taco Bell had a duty to provide a security guard, we still conclude that summary judgment was appropriate. The fight which resulted in Hebert's death occurred in neighboring Joe Brown Park. There was no physical confrontation on Taco Bell premises. Even if a security guard was on the premises, Taco Bell had no duty to protect its patrons from injury occurring elsewhere.
It is well settled that in a negligence claim once a breach of duty by defendant is established, the court's inquiry must determine if that breach was a cause in fact of defendant's injuries. The law must place some reasonable limit to the scope of protection envisioned by defendant's conduct. LeJeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990). "A particular unforeseeable risk may be included [within the scope of a duty] if the injury is easily associated with the rule relied on and with other risks of the same type that are foreseeable and clearly within the ambit of protection." Forest v. State, thru La. Dept. of Transportation, 493 So.2d 563 (La.1986) at 570.
Here we assume Taco Bell breached a duty to provide a security guard. It is undisputed that the fight which caused Hebert's injuries and resulting death occurred on the neighboring Joe Brown Park. There was no physical altercation on Taco Bell property. Under these circumstances we cannot easily associate the lack of a security guard with the harm that befell Hebert. Under the facts of this case, the scope of protection afforded Taco Bell's patrons cannot extend to injuries caused by the intentional, tortious acts of third persons committed off the business premises.
Plaintiffs argue that Banks v. Hyatt Corporation, 722 F.2d 214 (5th Cir.1984) extends the scope of protection of a business owner beyond its premises. In that case, a registered guest of the Hyatt was killed during an armed robbery attempt within four feet of the entrance to the hotel. The court held that the duty of a business to protect its invitees can extend *733 to adjacent property if the business is aware of a dangerous condition and fails to warn its invitees or take some other reasonable preventive action. The court held the Hyatt responsible for failing to have a security guard near the entrance.
In our opinion Hyatt is not supportive of the plaintiffs' arguments. First, the court in Hyatt was careful to distinguish the higher degree of care owed by an innkeeper to its guests from the care owed by other business establishments. Second, the plaintiff in Hyatt was a registered guest who was accosted within four feet of the hotel's entrance. These two elements are not present in the instant case. Taco Bell is not an innkeeper, and Hebert was not a patron at the time of the injury. It simply isn't reasonable to hold Taco Bell responsible for the safety of persons who may have been a patron at one time, where injury is caused by the intentional acts of others inflicted off the premises.
Plaintiffs also argue that the trial court erred in granting a partial summary judgment because such a judgment results in piecemeal litigation which is not favored by Louisiana courts. Although piecemeal litigation is not favored, the law clearly allows that a summary judgment may be granted for less than all the relief for which the party prays. LSA-C.C.P. art. 1915, 966; Lusco On Behalf of Lusco v. Campbell, 580 So.2d 460 (La.App. 5th Cir. 1991); Landry v. John E. Graham & Sons, Inc., 533 So.2d 975 (La.App. 1st Cir. 1988), writ denied, 534 So.2d 431 (La. 1988); cert. denied, John Graham & Sons v. Landry, 490 U.S. 1022, 109 S.Ct. 1749, 104 L.Ed.2d 185 (1989). Therefore, even though other issues of liability remain, the trial judge did not err in granting a partial summary judgment on the issue of failure to provide adequate security.
For the reasons stated above, the trial court judgment is affirmed.
AFFIRMED.