|¡WHIPPLE, J.
These consolidated appeals arise from the trial court’s granting of summary judgment in favor of defendant, Louie’s Café, Inc. (“Louie’s Café”) and dismissing the claims of plaintiffs, Danny D. Bezet and Todd Moonshower, against it. We affirm.
DISCUSSION
The facts of this case are fully set forth in this court’s opinion, also rendered this date, in a companion case involving two other consolidated appeals in which plaintiffs challenged the granting of summary judgment in favor of five other defendants. *76 Bezet v. Original Library Joe's, Inc., 98-1467, 98-1468 (La.App. 1st Cir.6/25/99); 747 So.2d 77.
Louie’s Café is a business in the vicinity of, but not adjacent to, the parking lot and alleyway where plaintiffs were attacked. Although plaintiffs did not patronize Louie’s Café on the night of the attack, they contend that the patrons of Louie’s Café customarily parked in the lot where they were attacked and that prior to the attack, Louie’s Café, along with other businesses in the area, had hired a security patrol to provide security for an area encompassing their businesses and the parking lot and alleyway. Thus, the bases of plaintiffs’ claims against this defendant were that Louie’s Café had failed to provide adequate lighting in the alleyway where the attack began, failed to properly maintain its premises or areas associated with its business, failed to provide adequate security to protect its patrons, failed to continue the joint security patrol which it had utilized in the past in conjunction with other area businesses, and failed to warn its patrons of known dangerous and hazardous conditions.
Louie’s Café filed a motion for summary judgment. The trial court heard the motion for summary judgment on December 12, 1997, and rendered judgment in favor of Louie’s Café, for the following reasons:
DLouie’s Cafe did not own the parking lot where this incident occurred and ... there was nothing presented by the Plaintiffs that would show ownership by sale, lease, etc. Further, ... Louie’s is not a part of any association, organization, or other group that would be liable to the Plaintiffs in this case.
Thus, by judgment signed on April 15, 1998, the trial court granted Louie’s Café’s motion for summary judgment in both the Moonshower and Bezet suits and dismissed with prejudice all claims asserted against Louie’s Café in these suits. Plaintiffs appeal, averring that the trial court erred in reasoning that Louie’s Café had no liability because it had no ownership interest in the areas where the attacks occurred and, thus, no duty to the plaintiffs. Additionally, plaintiffs aver that the trial court erred in finding that Louie’s Café could not be held liable for.reasonably foreseeable third-party criminal conduct that occurred on the private property of another. Finally, plaintiffs contend the trial court erred in failing to find that Louie’s Café had breached the duty to protect patrons/invitees by providing foot patrol security, a duty which plaintiffs allege it had assumed and abandoned.
DISCUSSION
For the reasons more fully set forth in Bezet v. Original Library Joe's, Inc., 98-1467, 98-1468 (La.App. 1st Cir.6/25/99); 747 So.2d 77, we find no legal basis to extend any duty owed by Louie’s Café to protect its patrons on its business premises to encompass the harm suffered by plaintiffs herein by the criminal acts of third persons off these business premises under the facts of this case. See Hebert v. Taco Bell Corporation, 613 So.2d 729, 732-733 (La.App. 4th Cir.1993). It is undisputed that Louie’s Café did not own the parking lot or alleyway where the attacks occurred; it did not occupy that area by virtue of a lease; the parking lot and alleyway, while nearby, were not adjacent to Louie’s Café; and plaintiffs had not patronized Louie’s Café on the night of the attack. Under these facts, we find that Louie’s Café owed no duty to plaintiffs to protect | Kthem from the criminal activity of third persons occurring away from its business premises.
Moreover, for the reasons also set forth in Bezet v. Original Library Joe's, Inc., et al., 98-1467, 98-1468 (La.App. 1st Cir.6/25/99); 747 So.2d 77, also rendered this date, we further conclude that even if Louie’s Café had in the past jointly provid ed a security patrol for the area, Louie’s Café had no continuing duty to provide such security off its premises. Hodge v. Liquid Ventures, 93-902, pp. 5-6 (La.App. 3rd Cir.3/2/94); 634 So.2d 1337, 1340. Louie’s Café and the other area businesses had discontinued the services of the security company previously hired to patrol the *77 area approximately eighteen months prior to the attack on plaintiffs. Thus, at the time of the attack on plaintiffs, the only duty owed to plaintiffs by Louie’s Cafe was that imposed by general tort law, and, as discussed above, we have found no basis for extending any duty owed by Louie’s Cafe to its patrons on its premises to encompass the risk of injury to others from criminal activity occurring off its business premises under the undisputed material facts of this case. Accordingly, we agree with the trial court’s determination that this defendant was entitled to judgment in its favor as a matter of law.
CONCLUSION
For the above and foregoing reasons, the April 15, 1998 judgment granting the motion for summary judgment of Louie’s Café, Inc. is affirmed. Costs of this appeal are assessed equally against plaintiffs, Danny D. Bezet and Todd Moonshower.
AFFIRMED.