QUINNELL REDDICK     *     NO. 2021-CA-0197

VERSUS     *

    COURT OF APPEAL

THE STATE OF LOUISIANA,     *
D/B/A THE INTERIM LSU     FOURTH CIRCUIT
PUBLIC HOSPITAL, ALAN     *
BLAND MARR, M.D.,     STATE OF LOUISIANA
CHIRANJIV S. VIRK, M.D.,     * * * * * * *
JOHN P. HUNT, III, M.D. AND
AMIR ABDUL-JABBAR, M.D.

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-11722, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Chief Judge James F. McKay, III, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Mark William Smith
MARK W. SMITH & ASSOCIATES, PLC
500 North Causeway Boulevard
Metairie, LA 70001

    COUNSEL FOR PLAINTIFF/APPELLANT

Kelli M. Khalaf
Joseph Marc Vezina
VEZINA AND GATTUSO, L.L.C.
401 Weyer Street
P. O. Box 461
Gretna, LA 70054

Jeff Landry, Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
P. O. Box 94005
Baton Rouge, LA 70804--9005

    COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED IN PART, REVERSED IN PART
AND REMANDED**

**SEPTEMBER 29, 2021**

*TGC*
*JFM*
*DNA*

Quinnell Reddick (hereinafter "Ms. Reddick") seeks review of the trial court's February 2, 2021 judgment denying her motion for partial summary judgment; granting the State of Louisiana d/b/a The Interim LSU Public Hospital's[1] (hereinafter collectively "defendants") cross motion for summary judgment; and dismissing Ms. Reddick's claims against defendants. After consideration of the record before this Court and the applicable law, we affirm the portion of the judgment of the trial court denying Ms. Reddick's motion for partial summary judgment; reverse the portion of the judgment granting defendants' cross motion for summary judgment; and remand the matter for further proceedings.

## Facts and Procedural History

In 2012, Ms. Reddick underwent a cervical MRI which revealed moderate sized nodules on the right lobe of her thyroid. She treated at the Interim LSU Public Hospital under the direction of Dr. Alan Marr (hereinafter "Dr. Marr"), the head of the surgery department. On September 18, 2012, under the supervision of Dr. Marr, Ms. Reddick underwent a right hemi-thyroidectomy.

On April 29, 2013, Ms. Reddick was seen by Dr. Marr, Dr. Chiranjiv S. Virk (hereinafter "Dr. Virk") and Dr. Amir Abdul-Jabbar (hereinafter "Dr. Abdul-

_____

[1] Named defendants are also Alan Bland Marr, M.D., Chiranjiv S. Virk, M.D., John P. Hunt, III, M.D., and Amir Abdul-Jabbar, M.D.

1

Jabbar) as part of her right thyroid post-operative follow-up. It was recommended that her left thyroid be removed because the right thyroid post-operative report revealed cancerous lesions on the right thyroid. On this same date, Ms. Reddick signed the "Patient Consent to Medical Treatment or Surgical Procedure and Acknowledgement of Receipt of Medical Information" for the left thyroidectomy. Section five (5) of the form, entitled "Reasonable Therapeutic Alternatives and the Risks Associated with such Alternatives," was left blank. On May 15, 2013, under the supervision of Dr. John P. Hunt, III (hereinafter "Dr. Hunt"), Ms. Reddick underwent a complete thyroidectomy, removing her left thyroid. The post-operative report of the left thyroid did not reveal any evidence of malignancy.[2]

On May 5, 2014, Ms. Reddick filed a medical review panel request pursuant to the Louisiana Medical Malpractice Act. Ms. Reddick asserted that the cancer diagnosis in her right thyroid resulted in her agreeing to a complete thyroidectomy. She further asserted that when Dr. Virk and Dr. Marr recommended a complete thyroidectomy, removal of the left thyroid, they failed to provide her with reasonable therapeutic alternative treatments. On October 10, 2016, the medical review panel unanimously found that Dr. Virk was not involved in any of Ms. Reddick's treatment decisions. It further determined that, as to the Interim LSU Public Hospital, Dr. Hunt, Dr. Marr and Dr. Abdul-Jabbar:

> There is a question of fact regarding what conversations took place between the patient and physician team regarding the need or advisability of the left thyroid lobectomy. The performance of the first right thyroid lobectomy was indicated due to the needle biopsy results.

---

[2] After a post-operative visit to the oncology department, Ms. Reddick was advised that there was no indication that she had cancer in either thyroid. This fact is disputed by the parties.

On November 29, 2016, Ms. Reddick filed a petition for damages asserting negligence on the part of the defendants because of the reported cancer diagnosis in her right thyroid, which resulted in her agreement to the surgical removal of her left thyroid. Additionally, she maintained that defendants failed to obtain her informed consent because they did not provide her with reasonable therapeutic alternatives to the surgical removal of her left thyroid. Defendants subsequently answered the petition for damages.

On August 31, 2020, Ms. Reddick filed a motion for partial summary judgment arguing that there is no genuine issue of material fact as to the issue of informed consent. Specifically, she maintained that her consent to the surgery was vitiated because defendants failed to inform her of any reasonable therapeutic alternatives to the surgical removal of the left thyroid. In support of her motion for partial summary judgment, Ms. Reddick attached: (1) hospital records from the Interim LSU Public Hospital; (2) Right Hemi-Thyroidectomy Post Pathology Report; (3) correspondence from Dr. Marr stating that a small cancerous lesion was found on the removed right thyroid; (4) affidavit of Ms. Reddick; and (5) deposition transcript of Dr. Marr.

In opposition to Ms. Reddick's motion for partial summary judgment, defendants filed a cross motion for summary judgment. They asserted that no genuine issue of material fact exists because Ms. Reddick could not establish a lack of informed consent, as a matter of law, based upon her failure to offer reasonable therapeutic alternatives to the surgical removal of the left thyroid. Defendants maintained Ms. Reddick was not entitled to summary judgment because she failed to provide any expert medical evidence that the reasonable therapeutic alternatives would meet the requisite standard of care. In support of

their cross motion for summary judgment defendants attached: (1) the medical review panel's unanimous opinion and reasons; and (2) deposition transcripts of Dr. Marr and Dr. Hunt.

Ms. Reddick opposed defendants' cross motion for summary judgment, asserting that the depositions of Dr. Marr and Dr. Hunt establish that reasonable therapeutic alternatives existed which were not presented to Ms. Reddick. Further, she argued that defendants' cross motion for summary judgment addressed only the failure to provide reasonable therapeutic alternatives, and not the remaining claims stated in her petition for damages. Specifically, Ms. Reddick maintained that defendants' cross motion for summary judgment failed to address: (1) that her consent to the left thyroidectomy was vitiated by defendants' inaccurate pathology of the right thyroid; and (2) that she was erroneously advised that, even after the left thyroidectomy, cancer was present and required ongoing oncology treatment.

A hearing on both motions was held on January 15, 2021. At the hearing, in denying Ms. Reddick's motion for partial summary judgment, the trial court ruled that a genuine issue of material fact exists as to whether there was a reasonable therapeutic alternative for Ms. Reddick's left thyroid, and whether she was advised of such. Additionally, the trial court granted defendants' cross motion for summary judgment determining that Ms. Reddick failed to present any expert medical evidence establishing the requisite standard of care. The trial court found that Ms. Reddick's reliance on the testimony of Dr. Marr and Dr. Hunt was misplaced as it fails to establish the standard of care or a breach of the standard of care. Thus, the trial court dismissed Ms. Reddick's claims that defendants erroneously advised her that she had cancer and thus violated the appropriate standard of care.

4

In further granting defendants' cross motion for summary judgment, the trial court found that Ms. Reddick failed to offer expert medical testimony to establish the existence of a material risk as to her claim of lack of informed consent; and failed to offer expert medical testimony as to whether therapeutic alternatives were reasonable. Thus, the trial court dismissed Ms. Reddick's claims on those issues. The trial court's ruling was memorialized by judgment dated February 2, 2021, and all of Ms. Reddick's claims were dismissed with prejudice. This appeal followed.

## **Standard of Review**

An appellate court reviews a trial court's decision to grant or deny a motion for summary judgment *de novo*. In *Chatelain*, this Court set forth the applicable standard of review as follows:

> Appellate courts review the grant or denial of a motion for summary judgment *de novo*, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

*Chatelain v. Fluor Daniel Const. Co.*, 2014-1312, p. 3 (La.App. 4 Cir. 11/10/15), 179 So.3d 791, 793 (citations omitted).

## Summary Judgment

It is well settled that "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action… ." La. C.C.P. art. 966(A)(2). The granting of a motion for summary judgment is contingent upon the pleadings, depositions, answers to discovery, admissions on file and affidavits demonstrating that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. *Duboue v. CBS Outdoor, Inc.*, 2008-0715, p. 2 (La.App. 4 Cir. 10/1/08), 996 So.2d 561, 562. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could only reach one conclusion, there is no need for trial on that issue, and summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.,* 1993-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. A fact is material when its existence or non-existence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Chapital v. Harry Kelleher & Co., Inc.,* 2013-1606, p. 5 (La.App. 4 Cir. 6/4/14), 144 So.3d 75, 81 (quoting *Mandina, Inc., v. O'Brien,* 2013-0085, p. 9 (La.App. 4 Cir. 7/31/13), 156 So. 3d 99, 104). Whether a fact is material is a determination that must be made based upon the applicable substantive law. *Roadrunner Transp. Sys. v. Brown*, 2017-0040, p. 7 (La.App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270.

On a motion for summary judgment the mover bears the burden of proof but is not required to negate all elements of the adverse party's claim if the mover will not bear the burden of proof at trial. La. C.C.P. art. 966 (D)(1). Thus, La. C.C.P. art. 966,

first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial.

*Babin v. Winn-Dixie Louisiana, Inc.*, 2000-0078, p. 4 (La. 6/30/00), 764 So.2d 37, 39. If the adverse party fails to set forth specific facts demonstrating a genuine issue of material fact, summary judgment shall be rendered against the adverse party if appropriate. La. C.C.P. art. 967(B).

## Discussion

On appeal, Ms. Reddick asserts the trial court erred in denying her motion for partial summary judgment; erred in granting defendants' cross motion for summary judgment; and erred in dismissing her claims that were not the subject of either parties' motions for summary judgment.

### Motion for Partial Summary Judgment

Ms. Reddick argues the trial court erred in denying her motion for partial summary judgment on the issue of defendants' failure to inform her of reasonable therapeutic alternatives prior to the surgical removal of her left thyroid.

La. R.S. 40:1299.39.6[3], provides, in pertinent part, that reasonable therapeutic alternatives, and any associated risks, be disclosed to the patient. La. R.S. 40:1299.39.6(P)(3). The Louisiana Supreme Court has previously articulated the fundamental principles of the informed consent doctrine:

---

[3] La. R.S. 40:1299.39.6, which was in effect at the time of Ms. Reddick's surgery, was redesignated as La. R.S. 40:1157.2 effective June 2, 2015.

7

> The informed consent doctrine is based on the principle that every human being of adult years and sound mind has a right to determine what shall be done to his or her own body. Surgeons and other doctors are thus required to provide their patients with sufficient information to permit the patient himself to make an informed and intelligent decision on whether to submit to a proposed course of treatment. Where circumstances permit, the patient should be told the nature of the pertinent ailment or condition, the general nature of the proposed treatment or procedure, the risks involved in the proposed treatment or procedure, the prospects of success, the risks of failing to undergo any treatment or procedure at all, and the risks of any alternative methods of treatment.

*Green v. Buell*, 2016-0873, p. 7 (La.App. 4 Cir. 4/5/17), 215 So.3d 715, 719-20 (quoting *Hondroulis v. Schuhmacher*, 553 So.2d 398, 411 (La. 1988)). Thus, informed consent requires a physician to advise the patient of any reasonable alternative methods of treatment, as well as any associated risk with those alternatives. "[A]though a physician should inform a patient of alternatives that exist to the surgical procedure, 'a physician has no duty to disclose alternative treatments or procedures which are not accepted as feasible.'" *Taylor v. Louisiana Mut. Med. Ins. Co.*, 2014-0727, p. 4 (La.App. 4 Cir. 1/14/15), 158 So.3d 900, 903 (quoting *Pertuit v. Tenant Louisiana Health Sys.*, 2010-0654, pp. 6-7 (La.App. 4 Cir. 9/22/10), 49 So.3d 932, 937).

The record reflects that the "reasonable alternatives" section of Ms. Reddick's consent form was blank. The record also contains an affidavit from Ms. Reddick in which she attests that none of her physicians advised her of any reasonable therapeutic alternatives to the surgical removal of her left thyroid. Defendants maintain that they were not required to inform Ms. Reddick of therapeutic alternatives to the surgical removal of her left thyroid because the alternative was not reasonable. Although Dr. Marr and Dr. Hunt both testified that

ultrasound observation was a therapeutic alternative for the left thyroid removal, their testimonies differed as to the feasibility of that alternative.

In order to establish that ultrasound observation was a reasonable therapeutic alternative to the surgical removal of the left thyroid, Ms. Reddick is tasked with demonstrating that ultrasound observation is an accepted medical treatment. *See Morris v. Ferris*, 1995-1790, p. 23 (La.App. 4 Cir. 2/15/96), 669 So.2d 1316, 1327. While Dr. Marr testified that ultrasound observation was a "reasonable" therapeutic alternative, Dr. Hunt testified that he would not consider ultrasound observation a "reasonable" alternative that he would be comfortable recommending. In denying Ms. Reddick's motion for partial summary judgment, the trial court determined that a genuine issue of material fact exists as to whether there was a reasonable therapeutic alternative for the left thyroid removal. We agree. The discrepancy about the reasonableness of ultrasound observation as a therapeutic alternative to the surgical removal of Ms. Reddick's left thyroid creates a genuine issue of material fact. The determination of whether ultrasound observation is a reasonable therapeutic alternative is a material fact essential to Ms. Reddick's causes of action. *See Chapital,* 2013-1606, p. 5, 144 So.3d at 81. As such, summary judgment on that issue is not appropriate and the trial court did not err in denying Ms. Reddick's motion for partial summary judgment.

**Cross Motion for Summary Judgment**

Defendants' cross motion for summary judgment asserted that Ms. Reddick did not establish a lack of informed consent based on the failure to advise of reasonable therapeutic alternatives for the removal of her left thyroid. Defendants maintained that Ms. Reddick did not provide expert medical evidence that the

alternative treatment would have been reasonable and meet the requisite standard of care.

In granting defendants' cross motion for summary judgment, the trial court determined that Ms. Reddick could not rely on the testimony of Dr. Marr and Dr. Hunt because their testimony did not establish that ultrasound observation, as an alternative therapeutic treatment, would meet the requisite standard of care. However, before the issue of whether ultrasound observation meets the requisite standard of care, as an alternative therapeutic treatment, is reached it must first be determined that ultrasound observation is a reasonable, or feasible, therapeutic alternative. As noted above, there exists a genuine issue of material fact as to whether ultrasound observation was a reasonable therapeutic alternative to the surgical removal of Ms. Reddick's left thyroid, such that she should have been informed of the option. A genuine issue is one as to which reasonable persons could disagree. *Smith,* 1993-2512, p. 27 (La. 7/5/94), 639 So.2d at 751. Dr. Marr and Dr. Hunt both testified that ultrasound observation was a therapeutic alternative. However, only Dr. Hunt testified that he would not be comfortable with recommending it as an alternative. Thus, the physicians' testimonies differ on the issue of ultrasound observation serving as a reasonable alternative to the surgical removal of Ms. Reddick's left thyroid and deems that issue inappropriate for summary judgment. As such, we find the trial court erred in granting defendants' cross motion for summary judgment and dismissing Ms. Reddick's claims with prejudice.

We also find the trial court erred in granting defendants' cross motion for summary judgment finding that Ms. Reddick failed to present expert medical evidence that ultrasound observation was a reasonable therapeutic alternative that

10

would meet the requisite standard for care. Based upon our finding above, we pretermit discussion of Ms. Reddick's claim that the trial court erred in dismissing her causes of action that were not the subject of either party's motion for summary judgment.

## Conclusion

Based on the record before this Court, we find there exists a genuine issue of material fact as to whether ultrasound observation was a reasonable therapeutic alternative to the surgical removal of Ms. Reddick's left thyroid. As such, the issue is not ripe for resolution on summary judgment.

## Decree

For the foregoing reasons, we affirm the portion of the trial court's judgment denying Ms. Reddick's motion for partial summary judgment; reverse the portion of the judgment granting defendants' cross motion for summary judgment; and remand the matter for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**